# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00757-CR

**Timothy Dean Stone, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 02-1078-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Timothy Dean Stone pleaded guilty before a jury to five counts of aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2004). The jury assessed punishment for each count at imprisonment for fifty years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974);

*Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

After exercising his right to examine the appellate record, appellant filed a written response to counsel's frivolous appeal brief. In this document, appellant draws the Court's attention to an incident that occurred during his trial attorney's cross-examination of the complaining witness. After the State objected that counsel was improperly inquiring into the witness's prior sexual history, the court called both attorneys to the bench. After excusing the jury, the court made it clear to counsel that it considered the line of questioning to be improper. After permitting counsel to make a record of the questions he wished to ask, the court sustained the State's objections, the jury returned, and trial resumed. The following day, counsel moved for a mistrial. In the motion, counsel stated that the court had "glared and pointed at counsel in an angry manner in front of the jury" and had "made demeaning comments to this counsel as the jury was filing out." Counsel complained that this "embarrassed this attorney to the point it had a chilling effect on this attorney's ability to effectively cross-examine the complaining witness." The court overruled the motion, stating that the facts contained in the motion were incorrect. The court further observed, "I doubt anybody would think you were ever intimidated by a Court."

This incident was also discussed in the brief filed by appellant's counsel on appeal. We agree with appellate counsel that the record does not reflect error in the overruling of the motion for mistrial. We also find no basis for concluding that trial counsel was ineffective in his handling of the matter, as appellant now suggests.

2

We have reviewed the record, counsel's brief, and the pro se response. We find nothing in the record that might arguably support the appeal. The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 1, 2004

Do Not Publish